**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DENNIS MARTIN, #145314,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 3:18-CV-0976-N-BK** |
| | § | |
| **U.S. OF A., STATE OF OKLAHOMA,** | § | |
| **WARDEN BEAR,** | § | |
| **Respondents.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and *Special Order 3*, the petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for judicial screening. Petitioner, an Oklahoma State prisoner at the Joseph Harp Correctional Center in Lexington, Oklahoma, claims that he is being detained in violation of federal law. Doc. 3 at 2.

To entertain a habeas corpus petition pursuant to section 2241, a court must have jurisdiction over the prisoner or his custodian. *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001) (the district of incarceration is the only district that has jurisdiction to entertain a section 2241 petition). Petitioner is presently incarcerated in Lexington, Oklahoma, which is in Cleveland County and, thus, within the boundaries of the Western District of Oklahoma. *See* 28 U.S.C. § 116(c). As such, this Court lacks jurisdiction to entertain his habeas corpus petition and is not the proper forum for this action. *See Lee*, 244 F.3d at 374-75.

When a court determines it lacks jurisdiction over an action, it must either dismiss the action or, in the interests of justice, transfer it to a court of proper jurisdiction. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818 (1988) (mentioning both options); 28 U.S.C. §

1631 (permitting transfers to cure want of jurisdiction); FED. R. CIV. P. 12(h)(3) (directing the court to dismiss actions over which it appears that it lacks jurisdiction).   Here, the Court finds the interests of justice would be best served dismissal of this case without prejudice to it being refiled in the proper United States District Court.[1]

For the foregoing reasons, the petition for writ of habeas corpus under 28 U.S.C. § 2241 should be **DISMISSED** without prejudice for lack of jurisdiction.

**SO RECOMMENDED** April 26, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Although Petitioner submitted a motion to proceed *in forma pauperis*, it is more efficient to dismiss the petition than to require compliance with this Court's filing requirements.